LAW OFFICE OF
DAVID CANTELME, P.L.C.
A PROFESSIONAL LIABILITY CORPORATION
3101 NORTH CENTRAL AVE, SUITE 720
PHOENIX, ARIZONA 85012
_____
(602) 200-0104   Fax (602) 200-0106
E-mail: djc@cantelaw.com
David J. Cantelme, Arizona State Bar No. 006313
Attorneys for the Speaker of the Arizona
   House of Representatives and for the
   President of the Arizona Senate

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Miriam Flores, individually and as a parent of Miriam Flores, a minor child, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>State of Arizona, et al.,<br><br>Defendants. | **No.** Civ 92-596-TUC-RCC<br><br>**MOTION TO INTERVENE OF SPEAKER OF THE ARIZONA HOUSE OF REPRESENTATIVES AND PRESIDENT OF THE ARIZONA SENATE**<br><br>Assigned to Honorable Raner C. Collins |

Pursuant to Rules 24(a) and (b), F.R.Civ. P., the Speaker of the Arizona House of Representatives ("Speaker") and President of the Arizona Senate ("President") move to intervene in this action, on behalf of their respective bodies, to defend the plan for English Language Learners ("ELL") adopted by the Arizona Legislature in H.B. 2064, otherwise to defend the interests of the Legislature in this action, and to oppose the plan for distribution of accrued fines proposed by the Attorney General. Intervention of right is proper under Rule 24(a) because the Court already has subjected the Legislature to its order of December 15, 2005, the Legislature has Art. III standing under the circumstances and its interests are not represented adequately by defendants. Permissive intervention is proper under Rule 24(b), for the reasons applicable to Rule 24(a) and for the additional reasons of common questions of law and fact with the defenses that should be made by existing defendants in this case.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

On March 8, 2006, the Arizona House and Senate authorized their respective presiding officers to appear herein for them. On March 2, 2006, the Legislature passed H.B. 2064 ("Act"), and the Governor elected to allow it to become law without her signature. On March 3, 2006, the Attorney General filed the Act with the Court, together with the Governor's March 3, 2006, letter noting her objections to the Act. The two branches of state government have a deep split over how best to teach youngsters to speak English, what federal law requires for ELL, and how to comply with the Court's orders. This split puts the Attorney General in an awkward if not impossible position. The Attorney General has a legal duty to defend the Act and the plan it adopts. Yet one must acknowledge that he has shown little enthusiasm for advancing the interests of the Legislature, as most recently illustrated by his filing of the Governor's objections to the Act and of his proposal for distribution of accrued fines. Because the Governor has elected to allow the Act to become law, her objections are irrelevant and should not have been brought before the Court, unless the Attorney General intends to advance them in opposition to the Act, despite his duty to defend it. As shown below, intervention is appropriate under Rules 24(a) and (b). It is essential to a fair resolution to allow a full defense of the Act and the Legislature's interests, rather than the guarded defense that must result if presented by counsel who must answer to a State government divided by huge differences over the case. A proposed motion to purge the contempt is attached as exhibit, minus the exhibits to that motion.

## 2. INTERVENTION OF RIGHT.

The Ninth Circuit has stated the test for intervention of right as follows:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or

> impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Prete v. Bradbury*, No. 04-35285, slip op. at 6 (9th Cir., 2/22/06). The test is met here.

### a.  Intervention is Timely.

Intervention is timely for the purposes set forth in this motion. While the case is old, the Court subjected the Legislature directly to one of its orders for the first time on December 15, 2005, and the Act in direct response to that order was adopted on March 2, 2006. Thus intervention now to defend the Act is timely.

### b.  The Legislature Has a Direct and Protectable Interest.

The Legislature has a direct and protectable interest in this matter. In the order of Dec. 15, 2005, the Court ordered that "the legislature has 15 calendar days from the beginning of the 2006 legislative session to comply with the January 28, 2005 Court order." Therein the Court subjected the Legislature directly to one of its orders, in an exercise of the Court's equitable powers. *See* Dec. 15, 2005, order at 11 ("This power has been relied on to hold city and state legislatures in contempt. *See Spallone v. United States,* 493 U.S. 265, 276 (1990)"). After this order's issuance, with the citation to *Spallone*, the Legislature effectively has become a party to this case, willingly or not. Having been subjected to the Court's contempt power, the Legislature should be afforded a chance to defend itself.

The Legislature has sufficient interest to intervene in any event apart from the December 15, 2005, order.[1] It adopted the Act and thus has a right to defend it. *See Karcher*

---

[1] Neither the Supreme Court nor the Ninth Circuit has said whether Art. III standing is required to intervene of right. *Prete, supra,* at 9 n. 8. A majority of circuits considering the issue have held Art. III standing is not required. *Compare Ruiz v. Estelle*, 161 F.3d 814, 832 (5th Cir. 1998) (no independent intervenor standing needed); *Associated Builders & Contractors v. Perry,* 16 F.3d 688, 690 (6th Cir. 1994) (same); *Chiles v. Thornburgh,*, 865 F.2d 1197, 1212 (11th Cir. 1989) *U.S. Postal Serv. v. Brennan,* 579 F.2d 188, 190 (2d Cir. 1978) (same), *with Planned Parenthood of Mid-Missouri & Eastern Kansas, Inc. v. Ehlmann,* 137 F.3d 573, 576-77 (8th Cir. 1998) (requiring independent intervenor standing) *and Building & Const. Trades Dep't v. Reich,* 40 F.3d 1275, 1282 (D.C. Cir. 1994) (same).

*v. May*, 479 U.S. 72 , 82 (1987) (Speaker of the N. J. General Assembly and President of the N. J. Senate could intervene to defend an act passed by the N.J. Legislature); *Silver v. Pataki*, 755 N.E. 2d 842, 848 (N.Y. 2001) (Assembly member "undoubtedly has suffered an injury in fact with respect to the alleged unconstitutional nullification of his vote sufficient to confer standing.")  Both Houses have authorized their officers to bring this motion, thus clearing the capacity hurdle of *Bennett v. Napolitano,* 206 Ariz. 520, 527, ¶29, 81 P.3d 311 (2003).

### c. The Disposition in This case Will Directly Affect the Legislature.

An unfavorable disposition in this action will directly impair the Legislature's ability to protect its interest.  If the Court finds the Act to be inadequate to satisfy the Court's orders, the Court may compel the Legislature to return to the task and to find money to pay for increased spending, the Court may ratchet up the penalty for disobedience of its order, and the Legislature will be prevented from turning its attention to other pressing State business.

### d. Only the Legislature Can Defend Its Interests Adequately.

The existing parties will not defend the Legislature's interests adequately.  The Attorney General faces an institutional dilemma in trying to serve two masters.  As a result, neither he nor his predecessor has represented the interests of the Legislature adequately; to wit: The Attorney General failed to take an appeal of the judgment entered in this case in 2000 and has failed to appeal any of the injunctions and other orders issued in aid of the judgment, most recently having failed to take an appeal of the order of December 15, 2005. Yet the Attorney General acknowledged to the Legislature that the Motion for Clarification of Court's order that the Attorney General filed on January 18, 2006, "perhaps . . . should not have been before the court." *See* excerpt of unofficial transcript, at 3, attached as Exhibit 1 to Memorandum of the Speaker of the Arizona House Responding to the Order of January 27, 2006,  of Representatives and of the President of the Arizona Senate.  This inadequacy was shown further at the hearing of Feb. 13, 2006, when the Attorney General went so far as to

4

oppose the stay of the Dec. 15, 2005, order requested by the Superintendent of Public Instruction.  *See* Transcript of Hearing of Feb. 13, 2006, at 13, line 23, to 14, line 7.  The Attorney General has admitted in testimony that the Legislature should have its own counsel:

> Chairman Burns, I'd be delighted to do that.  And I understand I was just given today a letter from the Speaker requesting from the court for the opportunity to appear in this case.  That is something that I applaud and I believe it is highly appropriate.  Up until now, basically the Legislature has used surrogate appearances with Mr. Horne's counsel before this court.  And that's been kind of awkward.  Perhaps the best solution is the one that's just been applied for.

*See* excerpt of unofficial transcript, *supra*, at 1.

Nor can the Superintendent represent the interests of the Legislature, though he has gone on record supporting the Act. The Superintendent's difficulty is that his institutional interests are not the same as the Legislature's.  He does not share the power to appropriate, which is the core interest affected herein.  What's more, plaintiffs have challenged the Superintendent's standing to appeal the sanctions order.  The Superintendent will have no power, if plaintiffs succeed, to defend the Legislature's interests in this case.

### 3. PERMISSIVE INTERVENTION SHOULD BE GRANTED.

The Ninth Circuit has stated the test for permissive intervention as follows:

> (1) independent grounds [exist] for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.

*League of Un.. Latin Am. Cit. v. Wilson*, 131 F.3d 1297, 1308 ¶ 40 (9th Cir. 1997).  This test is met here.  As shown above, the Legislature has Art. III standing to intervene and defend the Act and the Court already has subjected the Legislature to the order.  The Legislature's intervention to defend the Act is timely, and the Act will be the center of the battle over whether the State has complied with the Court's orders and purged itself of contempt.

### 4. CONCLUSION.

For these purposes, the Court should allow the Speaker and President to intervene.

RESPECTFULLY SUBMITTED on March 7, 2006.

                                                  **LAW OFFICE OF DAVID CANTELME, P.L.C.**

                                                  **/s/**
                                                  David J. Cantelme
3101 N. Central Avenue, Suite 720
Phoenix, AZ  85012
(602) 200-0104
Attorneys for the Speaker of the Arizona
    House of Representatives and for the
    President of the Arizona Senate

6

**CERTIFICATE OF SERVICE**

I CERTIFY THAT ON, 2006, I mailed a copy of the foregoing to:

The Honorable Raner C. Collins
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 5170
Tucson, AZ  85701-5051

I FURTHER CERTIFY that I electronically transmitted the attached document to the Clerk's Office using the CM/CEF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Timothy M. Hogan | thogan@aclpi.org |
| Joy Herr-Cardillo | jherrcardillo@aclpi.org |
| Lynne Christensen Adams | ladams@lrlaw.com; cmarino@lrlaw.com |
| Jose A. Cardenas | jcardenas@lrlaw.com; kwochos@lrlaw.com |
| David A. Garner | jgarner@lrlaw.com; pnavarro@lrlaw.com |
| James J. Sienicki | jsienicki@swlaw.com |
| Ronald W. Messerly | rmesserly@swlaw.com |
| Keith F. Overholt | koverholt@jsslaw.com |
| Michael J. Farrell | mfarrell@jsslaw.com |
| Susan P. Segal | susan.segal@azag.com |
| Eric J. Bistrow | EBistrow@bcattorneys.com |

/s/ David J. Cantelme